

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-84,786-01 & 84,786-02

**EX PARTE JEFFREY SHAWN POINTER, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR07-300A & CR07-301A IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manslaughter and aggravated assault and sentenced to twenty-five years' imprisonment on each count.

Applicant contends, among other things, that trial counsel failed to investigate whether his out-of-state punishment enhancements were final convictions. We order that these applications be filed and set for submission to determine (1) whether *Ex parte Pue*, ___ S.W.3d ___ (Tex. Crim.

App. Feb. 28, 2018), announced a new rule for purposes of retroactivity; (2) if *Pue* announced a new rule, whether it is a substantive or procedural rule; and (3) whether one of the exceptions to the general rule of nonretroactivity applies. *See Teague v. Lane*, 489 U.S. 288, 307 (1989). The parties shall brief these issues.

The trial court shall determine whether Applicant is indigent. If he is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent him. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing either the order appointing counsel or a statement that Applicant is not indigent. All briefs shall be filed with this Court within 90 days of the date of this order.

Filed:      October 10, 2018
Do not publish